FILED
SUPERIOR COURT
OF GUAM

2019 FEB -1 PM 2: 26

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHARLES D. ECRET,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKY PHILLIP KINGREE,<br><br>Defendant. | Superior Court Case No. <u>CV0601-17</u><br><u>SD0111-17</u><br><br>**DECISION AND ORDER REMANDING ACTION** |

The Court considers whether it should proceed to a trial de novo in light of a default judgment rendered by the Small Claims Court. The Court finds it appropriate for the Small Claims Division to address Defendant Rocky Kingree's default before advancing to a trial de novo.[1] This civil matter is therefore STAYED pending a REMAND to the Small Claims Division.

## I. PROCEDURAL BACKGROUND

Plaintiff Charles D. Ecret initiated SD0111-17 in the small claims division. The Magistrate Judge issued a Judgment by Trial against Kingree which noted that Kingree failed to appear at the trial. The Court awarded Ecret a judgment by default in the amount of $3,500.00, plus court fees.

Kingree filed a Motion for New Trial, with the handwritten notation that "I am turning over a filing fee of $300 in protest as I believe any fee is less."

---

[1] Both parties are self-represented.

ORIGINAL

Prior to the trial in this matter, the Court issued an Order for Further Briefing. The Court asked the parties to address the impact of Kingree's default on this trial de novo proceeding. Kingree filed a brief and asked this Court to remand this matter, claiming that the default was improper. Ecret did not file a brief.

## II.   LAW AND DISCUSSION

Title 7, Chapter 4, Article 2 of the Guam Code created the Small Claims Division within the Superior Court. 7 GCA § 4201. The law also prescribes the creation of rules and regulations which shall, among other items, "provide . . . for **appeal de novo** to the Superior Court of Guam as may be appropriate." 7 GCA § 4206 (emphasis added).

The Judicial Council formulated the Small Claims Rules and Procedures to govern the handling of small claims cases. Upon the issuance of a small claims judgment, if the defendant "is dissatisfied, he may . . . make a motion for a new trial" and pay a filing fee. MR 5.1.29. "Upon the payment of the filing fee and the completion and filing of the form set forth above, the right to a new trial is absolute and a trial de novo shall be granted in the Superior Court under the rules of the Superior Court excepting that no further pleadings shall be required of either party." MR 5.1.30.

The Judiciary has also fashioned a series of forms applicable to small claims cases. One such form allows a party to move to set aside a default judgment. *See* http://www.guamcourts. org/Small-Claims-Court/images/Motion_and_Notice_to_set_aside.pdf. The Court's website also offers guidance to small claims parties. Under this guidance, the Court issues the following Q&A:

> What happens if you are properly served with the Summons and Declaration and do not go to the hearing?
>
> If you do not show up at the hearing and the plaintiff has proof that you were


ORIGINAL

served, the court may enter a Default Judgment. If you have a very good reason why you did not show up to the hearing, you can request with the court to vacate the Default Judgment. A form called Notice of Motion, which can be obtained at the Small Claims counter must be filled out and returned back for a hearing date.

*See* http://www.guamcourts.org/Small-Claims-Court/Small-Claims-Court-Defendant-Questions.html. Therefore, when a defendant receives a default judgment, he has a remedy in asking the Small Claims Court to vacate its decision. In Kingree's case, for example, he may argue that court improperly rendered the default. The Rules also provide a remedy of a trial de novo, and on this point the Court finds it necessary to clarify a misstatement made throughout Kingree's brief. Kingree repeatedly alleges that this Court has granted his Motion for New Trial. The Court has not and needs not because the granting of the motion is automatic and absolute "[u]pon the payment of the filing fee and the completion and filing of the form set forth above." MR 5.1.31. Kingree paints the Court as though it has reviewed his Motion for New Trial and decided his position has merit. That has not occurred. Instead, all that has occurred is Kingree received an adverse small claims judgment, has filed a motion for new trial, and has paid a filing fee. That entitles him to a trial de novo under the rules. But that does not rule out the other option of seeking to set aside the default.

The law gives this Court the power in an appeal setting (7 GCA § 4206) to remand the case for a determination of whether or not default should be set aside. The Court finds it appropriate to remand for two reasons. First, this Court should not make a determination on setting aside the default because it has no record to review. Kingree maintains that he did not default; but the plain language of the Judgment By Trial contradicts Kingree's contention. Because the Small Claims Division is a court of no record, it is impossible for this Court to make any determination of whether default was appropriate.

ORIGINAL

Second, the default below should be addressed before compelling a plaintiff--who has already expended its resources to bring a claim against a defendant--to relitigate. It defeats the purposes of the Small Claims Division if a party could disregard the Division's legal processes, which includes responding to a summons, wait for a judgment, and then move for a new trial and force the plaintiff to endure the process all over again just because the defendant chose to sit out on the small claims case. In other words, a trial de novo that erases a party's default provides no penalty for failing to appear in small claims court and enables to defendants to discount court proceedings. This runs contrary to the well-established principles of conserving judicial resources and efficient litigation.

The Court acknowledges that the Small Claims Rules contain no language on defaults or default judgment, which may confuse a small claims litigant into thinking the only way to timely contest a default judgment is by filing a motion for a new trial. Nonetheless, the Judiciary provides a form for setting aside a small claims default judgment, and the Court's website instructs a small claims litigant on how to seek to set aside a default judgment.

Moreover, Kingree now elects to set aside the default judgment: "Defendant agrees that the case should be sent back to small claims court, a trial occur in the small claims court, and Defendant be refunded his filing fees." Def.'s Resp. Order Further Briefing at 2. The Court will grant this request for a remand.

While the small claims action is remanded and pending, this civil matter shall be stayed and may be reopened should be it necessary following the conclusion of the small claims proceedings. Therefore, the Court DENIES Kingree's request for a refund of his filing fees.

ORIGINAL

## III.    CONCLUSION

The Court finds that the appropriate resolution here is to remand this case to the Small Claims Division for a determination of whether the default was proper, and after making that finding, to take whatever other action follows. Accordingly, under its appellate powers, the Court REMANDS this matter to the Small Claims Court for further proceedings and STAYS this civil matter. Kingree's request for a refund of his Motion for New Trial fee is DENIED.

SO ORDERED this 1st day of February 2019.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Received for Service

_____ M

_____ 20 _____

Marshal, Superior Court
Of Guam

ORIGINAL